UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-05090-MWF (SK)                              Date: May 27, 2026

Title       Joshua Hurd v. Sheriff of Los Angeles County

Present:  The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner Joshua Hurd is a pretrial detainee at North County Correctional Facility on state criminal charges for burglary.  (ECF 1 at 1).  According to petitioner, satanic cult members broke into his music production studio, called the police, and reported petitioner for burglary.  (*Id*.).  He alleges that the cult members have since ransacked the building, stolen equipment and cargo trailers filled with "treasures," and stolen the identities of various individuals who worked at or rented space at the studio. (*Id*. at 2–4).  Petitioner seeks federal habeas relief under 28 U.S.C. § 2241 claiming he is being detained without due process because his arrest was not prompted by an "owner complaint." (*Id*. at 4–5).  But as alleged, his petition is subject to summary dismissal for two separate procedural deficiencies.  *See* L.R. 72-3.2.

*First*, federal courts may not intervene in pending state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  Indeed, "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding[.]" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). And nothing in the petition credibly suggests that one of the narrow exceptions to this rule might apply: when a prosecution is "undertaken for harassment purposes or in bad faith without hope of obtaining a valid conviction," or if there are "other extraordinary circumstances where irreparable injury can be shown." *Brown v. Ahern*, 676 F.3d 899, 902–03 (9th Cir. 2012) (cleaned up).  The Court has no authority to derail petitioner's pending state criminal prosecution "until after the jury comes in, judgment has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-05090-MWF (SK)                          Date: May 27, 2026

Title        Joshua Hurd v. Sheriff of Los Angeles County

appealed from and the case [is] concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972); *see, e.g., Bautista v. People of California*, 2016 WL 5661861, at *2 (C.D. Cal. Sept. 28, 2016) (dismissing habeas petition sua sponte based on *Younger* abstention).

*Second*, even if *Younger* abstention was not required, dismissal would still be proper because petitioner has not exhausted his federal claims in state court. *See, e.g., Lobato v. San Bernardino Cnty.*, 2020 WL 1166996, at *2 (C.D. Cal. Mar. 11, 2020) (dismissing § 2241 petition for lack of exhaustion because there was "no indication that [the petitioner had] presented *any* of his claims to the California Supreme Court"); *Neter v. Villanueva*, 2020 WL 442992, at *4 (C.D. Cal. Jan. 28, 2020) (same). To be sure, the exhaustion requirement for § 2241 actions is only a prudential one. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). But there is hardly any more fitting situation for federal judicial prudence than when a state criminal defendant tries to short-circuit his pending prosecution with premature federal habeas claims. Petitioner has not explained (nor is the Court aware of any reason) why he cannot raise his claims first in state court, whether that be through pretrial motion practice, defenses at trial, or available appellate remedies.

For all these reasons, petitioner is ORDERED TO SHOW CAUSE on or before **June 18, 2026**, why the Court should not dismiss the petition for lack of jurisdiction and lack of exhaustion. Petitioner may discharge this order by voluntarily dismissing the entire action using the attached Form CV-09y. Failure to respond to this order, however, may lead to involuntary dismissal for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.